UNITED STATES DISTRICT COURT
NORTHERN DISTICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| CHRISTINE WITT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.:  2:18-cv-134 |
| | ) | |
| LIFE INSURANCE COMPANY OF | ) | |
| NORTH AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

The Plaintiff, Christine Witt, by and through the undersigned counsel, Bridget O'Ryan,

files this Complaint against Life Insurance Company of North America ("LINA"), and as cause

therefore states as follows:

**I.  JURISDICTION AND VENUE**

1.     This action arises under the Employee Retirement Income Security Act of 1974

("ERISA"), 29 U.S.C. §1001.  The Court has jurisdiction of this case pursuant to 28

U.S.C. §1331, in that this action arises under the laws of the United States.  Specifically,

Christine Witt brings this action to enforce her rights under ERISA as authorized by 29

U.S.C. §1132.

2.     Christine Witt is a resident of Valparaiso, Indiana.

3.     As an employee of Dialysis Newco, Inc. dba DSI Renal ("DSI"), Ms. Witt is a participant

of the DSI disability plan.

4.     Life Insurance Company of North America ("LINA") is a Pennsylvania company doing

business in Indiana.

5.     The DSI Disability Plan and LINA disability policy agree to provide disability benefits to

employees of DSI if they are unable to work due to illness or injury.

6.    Venue in the Northern District of Indiana is appropriate by virtue of the DSI Long Term Disability Plan being administered in this District.

## II.  FACTUAL ALLEGATIONS

7.    Christine Witt worked as a Nurse Manager with DSI from 2012 until July 2015.

8.    Ms. Witt was forced to stop working due to extreme fatigue, weakness, headaches, and nausea as a result of colon cancer and the significant side effects from the harsh treatment in attempt to kill the cancer.

9.    When Ms. Witt  became disabled, she applied for long term disability ("LTD") benefits offered through DSI's employee benefit plan, which is insured by LINA.  LINA approved Ms. Witt's claim and paid her long term disability benefits from October 1, 2015 through August 31, 2017, when they were abruptly terminated.

10.    Consequently, Ms. Witt's Waiver of Premium ("WOP") benefits were also terminated.

11.    LINA denied Ms. Witt's appeal on February 20, 2018.

12.    Ms. Witt has provided significant medical proof of her disability from her treating physicians, who have repeatedly opined that Ms. Witt is disabled from performing any occupation.

13.    In further support of Ms. Witt's disability, Ms. Witt was also awarded Social Security Disability Benefits, meeting the Social Security Administration's standard of "total disability."

14.    Despite this proof, the Defendant refuses to pay Ms. Witt her long term disability benefits and her life insurance waiver of premium benefits.  As a result of the denial of benefits, Ms. Witt suffers from serious financial and emotional distress.

## III.  CLAIM FOR RELIEF

### WRONGFUL DENIAL OF EMPLOYEE BENEFITS

15.    Paragraphs 1-14 are hereby realleged and incorporated herein by reference.

16.    From July 3, 2015, when Christine Witt was forced to leave active employment,

until the present, Ms. Witt remains unable to perform the material duties of her regular occupation or any occupation for which she is reasonably qualified based on her education, training or experience.

17.    Ms. Witt provided the Defendant with ample medical evidence to verify her disability under the DSI disability plan and LINA policy.

18.    The Defendant has intentionally and without reasonable justification terminated Ms. Witt's long term disability benefits and waiver of premium benefits in violation of the DSI Plan and ERISA.

WHEREFORE, the Plaintiff, Christine Witt, requests that this Honorable Court enter Judgment:

A.    Finding that Christine Witt is entitled to long term disability benefits and waiver of premium benefits and order the Defendant to pay the past due benefits.

B.    Finding that Christine Witt is entitled to long term disability benefits and waiver of premium benefits and order the Defendant to pay for future monthly benefits as they become due.

C.    Awarding the Plaintiff interest on the amount of back benefits which remain unpaid.

D.    Awarding the Plaintiff reasonable reimbursement for attorneys' fees and costs incurred as a result of the Defendant's wrongful denial of benefits.

E.    Awarding all other relief as may be just and appropriate.

Respectfully Submitted,

s/Bridget O'Ryan
Bridget O'Ryan
Attorney for Christine Witt
O'Ryan Law Firm
1901 Broad Ripple Avenue
Indianapolis, IN 46220
(317) 255-1000
Fax: (317) 255-1006
boryan@oryanlawfirm.com

3